OPINION
Victoria Y. Carr appeals the removal of herself as guardian of the estate of her son, Robert Spencer, Jr. Her single assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REMOVING THE GUARDIAN WITHOUT CONDUCTING AN EVIDENTIARY HEARING THEREBY DENYING THE APPOINTED GUARDIAN DUE PROCESS OF LAW.
We do not reach the merits of this appeal because Carr failed to timely appeal from the judgment entry and order removing her as guardian. Hence, Carr's appeal will be dismissed.
The judgment entry and order removing Carr as guardian was entered January 25, 1999. Carr was served with a copy of the judgment entry and order. On March 30, 1999, Carr filed a "motion to void/vacate judgment entry and order . . ." pursuant to Civ.R. 60(B)(1) that was directed at the January 25, 1999 judgment entry and order removing her as guardian. Carr's motion, after a hearing on May 20, was overruled May 26, 1999. On May 28, 1999, Carr filed a notice of appeal from the trial court's adverse ruling on her motion to void/vacate.
Carr's appeal is directed to alleged deficiencies in the proceedings of the probate court which culminated in the removal of herself as guardian. These proceedings were complete as of January 25, 1999, when the judgment entry and order of removal was entered.
Carr had thirty days from January 25, 1999, to perfect an appeal which she failed to do. App.R. 4(A). A Civ.R. 60(B) motion does not toll the time for filing a notice of appeal. App.R. 4 (B)(2). Although Carr's May 28, 1999 notice of appeal was directed to the May 26 adverse ruling on her motion to void/vacate, she does not, on appeal, argue error as to that ruling.
Even were we to consider the merits of this appeal, we would be constrained to conclude that Carr has failed to demonstrate the error she complains of: the lack of an evidentiary hearing. Carr conceded in her memorandum in support of her March 30, 1999 Civ.R. 60(B) motion that there had been a hearing December 2, 1998, concerning her removal as guardian. While it is clear from the record before us that the hearing was not transcribed, that does not mean there was no evidentiary hearing. Carr could have, but did not, utilize App.R. 9(C) to demonstrate the deficiencies she now complains of. App.R. 9(C) is not confined to unrecorded testimony but, rather, contemplates "a statement of the evidence or proceedings . . ." (Emphasis ours).
Pursuant to the foregoing discussion, the appeal will be dismissed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Jose M. Lopez, Harry G. Beyoglides, Jr., Robert J. Spencer, Sr. Hon. George J. Gounaris.